UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Birthan Ray Johnson, Jr., ) | C/A No.: 4:10-1486-CMC-TER |
| Plaintiff, ) | |
| vs. ) | Report and Recommendation |
| Dennis Patterson; ) | |
| Andrea Thompson; ) | |
| Jon Ozmint; ) | |
| Bernard McKie; ) | |
| Defendants. ) | |

Plaintiff, a prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983 against employees of the South Carolina Department of Corrections (SCDC). Plaintiff alleges he has been placed in protective custody "against [his] will." *See* Complaint, page 3. Plaintiff further states that "Classification at Kirkland is trying to say I can't go to general population because I have feminine features." *Id.* Thus, Plaintiff claims the Defendants are discriminating against him based on his physical appearance and the Defendants' allegedly mistaken belief that Plaintiff is "going through a sex change." *Id.* at 3,4. Plaintiff seeks injunctive relief in the form of placement in the "general population to a Level 2 Custody Institution." *Id.* at 5.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As an initial matter, Plaintiff complains that he is being "forced to do all [his] sentence on protective custody." *See* Complaint, page 3. However, there is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Further, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *See Sandin v. Conner,* 515 U.S. 472, 483-34 (1995)("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment"), citing *Wolff v. McDonnell*, 418 U.S. 539, 561-63 (1974). Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 (4th Cir. 1984)(collecting cases).

2

Cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (*citing Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Brown v. Evatt*, 470 S.E.2d 848 (1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). In fact, it is well settled that the placement of inmates into administrative segregation units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D.Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[1] *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995)(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security").

This is true even if an inmate has requested protective custody. *Taylor v. Rogers*, 781 F.2d 1047 (4th Cir. 1986)(less favorable conditions imposed on inmates requesting protective custody than those afforded general prison population did not deny inmates equal protection or due process, and the loss of amenities did not violate the Eighth Amendment against cruel and unusual punishment). Although the Plaintiff in this case is not satisfied with his custody classification, the Defendants'

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

classification and institutional placement of the Plaintiff have not violated his constitutional rights. *See Wolff v. McDonnell*, 418 U.S. 539, 558-562 (1974); *Mann v. Leeke*, 73 F.R.D. 264, 265-267 & n. 6 (D.S.C. 1974), *affirmed*, 551 F.2d 307 (4th Cir. 1977) [Table]. *See also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(federal courts are not "to assume the role of super wardens of state penal institutions").

Plaintiff also asserts a claim of discrimination, which he presumably brings under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause essentially mandates "that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Cook v. Babbitt*, 819 F. Supp. 1, 11 (D.D.C. 1993). Thus, to invoke the Equal Protection Clause, a plaintiff must show that he was similarly situated to other inmates. *See Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Veney v. Wyche*, 293 F.3d 726, 730-31 (4th Cir. 2002).

In the instant case, Plaintiff states, "[t]here are a lot of inmates in South Carolina who look feminine. All are able to be in general population." *See* Complaint, pages 3,4. However, Plaintiff fails to specify the identity of any of these inmates, or even claim that he is aware of any such inmates incarcerated at Kirkland Correctional Institution. Further, Plaintiff provides no meaningful factual details to demonstrate that these other prisoners are, in fact, similarly situated to the Plaintiff. Thus, although Plaintiff believes that he has been placed in segregated confinement because of the Defendants' perception that his physical characteristics are somehow "feminine," he provides insufficient factual information to make a threshold showing that an equal protection violation has occurred.[2] *See Kauffman v. Wheeler*, Civil Action No. 7:09cv00482, 2010 WL 1462115 at *3 (W.D. Va. April 9, 2010); *Jackson v. Poplin*, No. 3:10CV107-0-MU, 2010 WL 966120 at *1-2 (W.D.N.C.

---

[2] Further, "feminine" qualities are not a "protected" class.

March 12, 2010); *Milton v. Burwell*, No. 1:09cv1074(CMH/IDD), 2009 WL 3378664 (E.D.Va. October 15, 2009); *Miles v. Deloach*, C.A. No. 4:07-2188-TLW-TER, 2009 WL 607372 (D.S.C. March 9, 2009).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 4, 2010
Florence, South Carolina

*<u>The Plaintiff's attention is directed to the important notice on the next page</u>*.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).